IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ALEJANDRO LOPEZ and
JACOB LAZARZ, on behalf of themselves
and others similarly situated,

                                                                                   ORDER

                Plaintiffs,

                                                                        11-cv-728-bbc

     v.

SEARS, ROEBUCK & CO.,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant Sears, Roebuck & Co. has removed this case from the Circuit Court of Dane County, Wisconsin under 28 U.S.C. §§ 1441 and 1446. As a basis for federal jurisdiction, defendant relies on 28 U.S.C. § 1332, which requires a showing that plaintiffs are not citizens of the same state as defendant and that the amount in controversy is greater than $75,000. Defendant has filed a motion for summary judgment that is ready for decision. Unfortunately, I cannot rule on the motion at this time because defendant has not made an adequate allegation of diversity under § 1332.

      First, defendant has not identified plaintiffs' citizenship properly. Defendant alleges in its notice of removal that Lopez is "a citizen residing in the state of Wisconsin." Dkt. #1, ¶ 10. (At the time defendant removed this case, plaintiff Lopez was the only plaintiff named in the case. Plaintiff Lazarz joined the case approximately one month after removal.) In its

1

proposed findings of fact in support of its summary judgment materials, defendant proposes that both plaintiffs are "citizen[s] residing in the state of Wisconsin." Dkt. #16, ¶¶ 1-2. However, it is the citizenship, not the residency of an individual person that matters for diversity jurisdiction purposes, and it is not clear from defendant's allegations whether plaintiffs are citizens of Wisconsin, or citizens of a different state and merely residing in Wisconsin. Heinen v. Northrop Grumman Corp., —F.3d—, 2012 WL 372988 (7th Cir. Feb. 7, 2012) (notice of removal asserting that plaintiff was "'resident' of Massachusetts and therefore a 'citizen' of that state" was insufficient for diversity jurisdiction purposes). An individual is a citizen of the state in which he is domiciled, that is, where he has a "permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." Dakuras v. Edwards, 312 F.3d 256, 258 (7th Cir. 2002). Defendant must provide evidence of both plaintiffs' domicile.

Second, defendant has not alleged sufficient facts to establish the amount in controversy. Neither the original nor amended complaints specifies the amount of damages plaintiffs seek. Because this is a proposed class action, defendant must present "some evidence or argument to establish the plausibility of an inference that at least one member of the class could cross the $75,000 threshold." Pfizer, Inc. v. Lott, 417 F.3d 725, 726 (7th Cir. 2005). Defendant alleges in its notice of removal that plaintiff Lopez's testimony before a hearing examiner for the Madison Equal Opportunities Commission on a related charge filed by Lopez establishes that he is seeking more than $149,000 in damages. Dkt. #1, ¶ 11. However, defendant does not provide enough information about how it calculated the

$149,000 figure.  At the hearing, Lopez testified that he performed between eight and ten warranty jobs each week and that he believes he should be paid $30 for each job.  Defendant should provide a clearer explanation of how it reached $149,000 from that testimony.

As the proponent of federal jurisdiction, it is defendant's burden to show that the parties are citizens of different states.  Smart v. Local 702 International Brother of Electrical Workers, 562 F.3d 798, 802-03 (7th Cir. 2009).  Accordingly, I will give defendant an opportunity to file an amended notice of removal that includes allegations about the citizenship of plaintiffs and the amount in controversy.  28 U.S.C. § 1653 (defective jurisdictional allegations may be cured); see also McMahon v. Bunn-O-Matic Corp., 150 F.3d 651, 654 (7th Cir. 1998) (allowing defendant to file "a proposed amendment to the notice of removal to put the jurisdictional details in the record").


ORDER

It is ORDERED that defendant Sears, Roebuck & Co. may have until March 19, 2012, in which to provide this court with verification of the diversity of citizenship between itself and plaintiffs Alejandro Lopez and Jacob Lazarz.  Failure to do so will result in remand of this case for lack of subject matter jurisdiction.

Entered this 12th day of March, 2012.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judg